# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JOHN DAVID HOOPER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(1) JERAMY MEACHAM, and )<br>(2) FOUNTAIN PARK HEALTHCARE, )<br>LLC, )<br>)<br>Defendants. ) | Case No. 4:18-cv-00234-JED-FHM |

## JOINT STATUS REPORT

**Jury Demanded**:   ☒ Yes   ☐ No

I.   **Summary of Claims**:

<u>Oklahoma Protection of Labor Act Violations</u>

Meacham is the President and CEO of Fountain Park. Meacham has created several other entities in the same field. Defendants employed Hooper for his labor and services as COO and promised to pay a salary around $10,000/month as well as commissions as a percentage of sales.

In 2016 and 2017, Defendants failed to pay Hooper his full salary despite Hooper's demands. In 2016 and 2017, Defendants failed to pay Hooper commissions that were due and owing to him despite his repeated requests for payment.

Between February 2017 and June 2018, Defendants and their agents repeatedly acknowledge the debt owed to Hooper in missed salary and commission payments.

<u>Unjust Enrichment</u>

Defendants were enriched by Hooper's services rendered. Defendants failed to compensate Hooper for those services.

    A. Claims to be Dismissed: None.

II.    **Summary of Defenses**:

Defendant, Jeramy Meacham ("Meacham") is not a proper party to this action and should be dismissed with prejudice from the lawsuit, as more fully set forth in Meacham's Motion to Dismiss [Doc. No. 11]. Meacham was not Plaintiff's employer within the meaning of the Oklahoma Protection of Labor Act, and did not retain any value from Plaintiff in his personal capacity. Plaintiff has failed to plead plausible claims for relief as against Meacham. To the extent Meacham is required to answer the lawsuit, Meacham reserves the right to set forth additional defenses to this action.

Defendant, Fountain Park Healthcare, LLC, ("Fountain Park") incorporates by reference its Answer to the lawsuit and the affirmative and other defenses set forth therein [Doc. No. 12].

    A. Defenses to be Abandoned: None.

III.    **Motions Pending** (Include Docket Number, Description and Date at Issue):

Defendant Meacham's Motion to Dismiss (Dkt. #11). Response due July 10. Reply due July 24.

IV.    **Stipulations:**

    A. Jurisdiction Admitted:    ☒ Yes    ☐ No (If no, explain.)

*Subject to any arguments that Plaintiff's claims are untimely or otherwise barred by applicable statutes of limitation.

    B. Venue Appropriate:    ☒ Yes    ☐ No (If no, explain.)

    C. Facts: None.

    D. Law: None.

V.    **Proposed Deadlines:**

*The parties are actively pursuing early settlement possibilities. To encourage and focus on those efforts without incurring unnecessary legal expenses, the parties propose the following deadlines.*

    A. Parties to be Added by:  August 10, 2018

    B. Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):  November 2, 2018

    C. Fact Witness Lists to be Exchanged by:  October 5, 2018

    D. Proposed Date for Expert Reports by Plaintiff and Defendant:  N/A at this time, subject to any party's subsequent designation of an expert witness

VI. **Fed. R. Civ. P. 26(f) Discovery Plan**

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?   ☐ Yes (If yes, explain.)   ☒ No

    B. When were or will initial disclosures under Rule 26(a)(1) be made?  August 2, 2018

    Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution.  Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

    C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?   ☐ Yes   ☒ No

    D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
☐ Yes (If yes, explain.)
☒ No

    E. Proposed Number of Fact and Expert Depositions:

      1. To be allowed for Plaintiff?  10

      2. To be allowed for Defendant?  10 Fact and 2 Expert

    F. Is there a need for any special discovery management order(s) by the Court?
☐ Yes (If yes, explain.)
☒ No

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

VII. **Anticipated Dispositive Motions?**
☒ Yes (If yes, describe.)
☐ No

Plaintiff anticipates filing a motion for summary judgment.

Defendants anticipate filing a motion for summary judgment and motions *in limine.*

VIII. **Do all parties consent to trial before the assigned magistrate judge?**   ☐ Yes   ☒ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

IX. **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**
☒ Yes   ☒ No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X. **Settlement Plan** (Check one):

☒ Settlement Conference Requested After:  November 2, 2018
   Describe Settlement Judge Expertise Required, If Any:

☐ Private Mediation Scheduled On:

☐ Other ADR (Explain):

☐ ADR Appropriate:
   ☐ Yes
   ☐ No (If no, explain.)

    Copy of the Court's ADR Booklet Provided to Clients as Required?

    Plaintiffs:    ☒ Yes    ☐ No

    Defendants:    ☒ Yes    ☐ No

**XI.** **Does this case warrant special case management?**
☐ Yes (If yes, explain.)
☒ No

**XII.** **Do the parties request that the Court hold a scheduling conference?**    ☐ Yes  ☒ No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII.** **Estimated Trial Time:** 3-4 days

Read and Approved by:

/s/ Adam C. Doverspike  
Chris S. Thrutchley, OBA #15859  
Adam C. Doverspike, OBA #22548  
Stephanie Duran, OBA #33164  
**GABLEGOTWALS**  
1100 ONEOK Plaza  
100 West Fifth Street  
Tulsa, Oklahoma 74103-4217  
Telephone (918) 595-4800  
Facsimile (918) 595-4990  
*cthrutchley@gablelaw.com*  
*adoverspike@gablelaw.com*  
*sduran@gablelaw.com*

**ATTORNEYS FOR PLAINTIFF**

/s/ Paige H. Good  
Courtney Bru, OBA #21115  
Paige H. Good, OBA #31595  
McAfee & Taft A Professional Corporation  
Tenth Floor, Two Leadership Square  
Oklahoma City, Oklahoma 73102  
Telephone: (405) 235-9621  
Facsimile: (405) 235-0439  
*courtney.bru@mcafeetaft.com*  
*paige.good@mcafeetaft.com*

**ATTORNEYS FOR DEFENDANTS**